UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEITH WARE, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-127 RM |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Keith Ware filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the judgment of conviction entered against him on May 23, 1975, by the Lake Superior Court for murder. Mr. Ware is serving a life sentence on this conviction. Under Rule 4 of the Rules Governing Section 2254 Cases, district courts must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions that obviously lack merit.

Mr. Ware appealed his conviction to the Court of Appeals of Indiana, which affirmed his conviction. On August 10, 1993. He filed a petition for writ of habeas corpus challenging his conviction, Ware v. Farley, 3:93cv559AS, which this court dismissed without prejudice at Mr. Ware's request on May 26, 1994. On January 28, 2004, Mr. Ware filed another petition for wit of habeas corpus challenging this conviction, Ware v. Davis, 3:04cv98AS, which this court denied on May 5, 2004. The United States Court of Appeals for the Seventh Circuit dismissed Mr. Ware's appeal on December 2, 2004. Mr. Ware filed

a third petition for writ of habeas corpus challenging this conviction in, Ware v. Davis, 3:05cv45PS, which the court dismissed on January 26, 2005, because it was a second and successive petition for which Mr. Ware had not obtained permission from the United States Court of Appeals for the Seventh Circuit.

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). "Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

Like his petition in Ware v. Davis, 3:05cv45PS, Mr. Ware's current petition is a second and successive petition for writ of habeas corpus. Mr. Ware has not obtained an order from the court of appeals permitting him to file a second or successive petition either seeking another review of issues presented in his original petition or to present issues not presented in Ware v. Davis, 3:04cv98AS. "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

The court DISMISSES this petition without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court so that the petitioner can seek authorization from the Court of Appeals to file a second and successive petition.

SO ORDERED.

DATED: May  20 , 2009

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: K. Ware